**Steffan T. DUPLESSIS, Plaintiff,**

v.

**TRAINING & DEVELOPMENT CORPORATION, et al., Defendants.**

**Civ. No. 92–0096–B.**

United States District Court, D. Maine.

May 10, 1993.

Malcolm L. Lyons, Margaret C. LePage, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, ME, for plaintiff.

George C. Schelling, Gross, Minsky, Mogul & Singal, P.A., Bernard J. Kubetz, Eaton, Peabody, Bradford & Veague, Lewellyn R. Michaud, Bangor, ME, for defendants.

### ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

This matter is before the Court on Defendants' Motion for Partial Summary Judgment on Count III. Count III of Plaintiff's Complaint, dated May 19, 1992, alleges a cause of action under 42 U.S.C. § 1981. Specifically, Plaintiff alleges Defendants participated in and failed to prevent harassment of Plaintiff and refused to rehire Plaintiff on account of his Franco–American heritage.

Section 1981 was amended on November 21, 1991 by the Civil Rights Act of 1991 ("CRA"). *See* 42 U.S.C. § 1981(b) (Supp. 1992). This Court has previously ruled that the amended version of § 1981 will not be applied retroactively. (Order and Mem. of Op., April 2, 1993.) Under pre-amendment § 1981, discrimination is prohibited in making and enforcing contracts. 42 U.S.C. § 1981. Although post-amendment § 1981 may provide grounds for recovery, Plaintiff concedes that hostile work-environment-type injuries such as failure to prevent harassment are not actionable under § 1981 unless the CRA is applied retroactively. (Stipulations of the Parties at 2, April 30, 1993.) However, Plaintiff argues that his claim for failure to rehire is actionable under the pre-amendment statute. Because the Supreme Court's decision in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), has been construed to preclude a failure to rehire action under pre-amendment § 1981, Defendants' Motion

for Partial Summary Judgment is *GRANTED*.

## I. *Factual Background*

The uncontroverted facts stated in Plaintiff's Complaint reveal the following scenario. Plaintiff Steffan Duplessis is an individual of Franco–Canadian ancestry. Plaintiff worked for Defendant Training & Development Corporation ("TDC") from approximately August, 1988 until August, 1990. From October, 1989, until Plaintiff's termination, Plaintiff's job title was Senior Residential Advisor ("SRA"). In August, 1990, Plaintiff and other employees were terminated due to economic cutbacks. Pursuant to notice from TDC, Plaintiff reapplied for his position but was not rehired.

In Count III, Plaintiff alleges TDC violated § 1981 by, *inter alia*, "intentionally refusing to select him to continue his employment as an SRA on account of his Franco–American heritage." (Complaint ¶ 71.) Defendants assert that failure to rehire is not actionable under pre-amendment § 1981 and, therefore, seek summary judgment on this Count.

## II. *Discussion*

■■■ In *Patterson v. McLean Credit Union*, the Supreme Court limited claims under the former version of § 1981 to those involving efforts by claimants to enter into "new and distinct" contractual relationships. 491 U.S. at 185, 109 S.Ct. at 2377. In discussing the applicability of pre-amendment § 1981, the *Patterson* Court concluded that conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations is not actionable. *Id.* at 179, 109 S.Ct. at 2374.

Plaintiff argues that, if rehired, he would have been entering into a new contract and is therefore not barred from action. The Court rejects this argument and adopts the position of the majority of courts applying *Patterson*.

A failure to rehire an individual for substantially the same position from which the individual was terminated does not give rise to a § 1981 claim. *See, e.g., Vakharia v. Swedish Covenant Hosp.*, 765 F.Supp. 461, 470 (N.D.Ill.1991) (holding post-suspension application for reinstatement to the same position was not actionable); *Smith v. Continental Ins. Corp.*, 747 F.Supp. 275, 282 (D.N.J.1990) (refusal to rehire fails to state a claim under § 1981), *aff'd without op.*, 941 F.2d 1203 (3d Cir.1991); *Carter v. O'Hare Hotel Investors*, 736 F.Supp. 158 (N.D.Ill. 1989) (reinstatement of the identical employment relationship is not a new and distinct relation covered by § 1981).

Plaintiff's Complaint states that he applied, and was not rehired, for the identical position from which he was terminated. Although Plaintiff argues in his Brief in Opposition to Summary Judgment and in his Statement of Disputed Facts that he applied for other positions, his Complaint only asserts violations due to the failure of TDC to rehire him for the position of *Senior Residential Advisor*. Defendants have not previously been alerted to the other positions for which Plaintiff now seeks recovery. Having failed to raise this issue in his Complaint, Plaintiff cannot now augment his allegations in an effort to create a material issue of fact.

## III. *Conclusion*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The facts alleged in Plaintiff's Complaint assert that Plaintiff was refused the opportunity to continue his employment as an SRA. Accordingly, the Court finds no genuine issue as to whether the failure to rehire was for substantially the same position from which Plaintiff was terminated. Because failure to rehire to the same position does not give rise to liability under pre-amendment 42 U.S.C. § 1981, Defendants' Motion for Summary Judgment on Count III is *GRANTED*.

*SO ORDERED.*